IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MALINDA DAVIS, | Case No. 1:17CV1452 |
| Plaintiff, | JUDGE SOLOMON OLIVER, JR. |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **REPORT & RECOMMENDATION** |

Plaintiff, Malinda Davis, on behalf of C.D., ("Plaintiff"), filed a complaint challenging the final decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.* The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.

On July 11, 2017, plaintiff requested leave to proceed *in forma pauperis* ("IFP") in this case. Plaintiff's application establishes that her monthly household income exceeds the costs of her household expenses. As this is not a case where plaintiff is unable to pay the filing fee, the undersigned recommends that the court deny plaintiff's application to proceed without prepayment of fees.

## I. Relevant Background

On July 11, 2017, plaintiff filed a complaint challenging the June 5, 2017 final decision of the Commissioner denying her applications for disability benefits. (Doc. 1) Plaintiff also filed a motion to proceed IFP. (Doc. 2) Plaintiff's affidavit and application to proceed without prepayment of fees states that she receives $1,440 in income per month from her employment. She also receives food stamps and her monthly income totals $2,209. Plaintiff further reports that she owns two vehicles. Plaintiff's total monthly expenses are $1,170. Thus, according to plaintiff's affidavit, plaintiff's income is twice as much as her monthly expenses.

## II. Law & Analysis

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.* 21 F.App'x 239, 240 (6th Cir. 2001), citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2nd Cir. 1988). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.,* No. 10-31, 2010 WL 502781, *1, n. 1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.,* No. 12-CV-

14424, 2012 WL 5457466, *2, (E.D. Mich. Oct. 16, 2012); *see also*, *Reynolds v. Crawford,* No. 1:01-cv-877, 2009 WL 3908911, *1 (S.D. Ohio Nov. 17, 2009)  It is within the court's discretion whether to allow a litigant to proceed IFP.  *Foster,* 21 Fed. Appx. at 240.

Here, plaintiff's application reflects that her monthly income is twice as much as her monthly expenses.  It does not appear that she is unable to pay the filing fee in this case.  Rather, this is a case where plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims."  *Behmlander,* 2012 WL 5457466 at *2.

### III.  Conclusion

Plaintiff's monthly income is twice as much as her reported expenses.  It does not appear that she is unable to pay the filing fee in this case and the undersigned recommends that the court deny her application to proceed without prepayment of fees.

Dated: July 13, 2017

Thomas M. Parker
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).